A13

MURWAIS MOHAMADI
#73533-083
A.W.S.P. THOMSON
P.O. BOX 1001
THOMSON, IL 61285

1-25-21

CLERK OF COURT
U.S. COURT OF APPEALS, FOURTH CIRCUIT
1100 EAST MAIN ST., 5th FLOOR
RICHMOND VA 23219

RECEIVED
2021 FEB -1 PM 2:41
U.S. COURT OF APPEALS
FOURTH CIRCUIT

RE: C.O.A. INFORMAL BRIEF  NO. 20-7917

DEAR CLERK,

GREETINGS.

I AM NOW SENDING YOU A 57 PAGE INFORMAL
BRIEF (C.O.A.) A TYPED VERSION WILL FOLLOW
SHORTLY.

I HAVE DONE MY BEST TO MEET THIS
DEADLINE.

RESPECTFULLY,

Murwais Mohamadi
#73533-083  PRO SE

No. 20-7917

UNITED STATES COURT OF APPEALS

FOR the FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

V.

MIRWAIS MOHAMADI

Defendant - Appellant.

On Appeal from the United States District Court
for the Eastern District of Virginia

## APPLICATION FOR CERTIFICATE OF APPEALABILITY AND INFORMAL BRIEF IN SUPPORT

Mirwais Mohamadi, Pro Se
Register Number 73533-083
A.U.S.P. THOMSON
P.O. BOX 1001
THOMSON, IL 61285

2 of 57

# TABLE OF CONTENTS

Table of Contents

Table of Authorities

Application

BRIEF IN SUPPORT OF APPLICATION

STATEMENT OF JURISDICTION

STATEMENT OF THE ISSUES

STATEMENT OF THE CASE

STANDARD OF REVIEW

SUMMARY OF THE ARGUMENT

ARGUMENT

THE DISTRICT COURT ERRED IN IT'S FINDING THAT PETITIONER'S A.C.C.A. AND 924(e) SENTENCE THAT'S PREDICATED ON INCHOATE ATTEMPTED ROBBERY IS NOT UNCONSTITUTIONAL

Mohamadi's A.C.C.A. sentence is unconstitutional

Mohamadi's 924(e) sentence is unconstitutional

THE DISTRICT COURT ERRED IN IT'S FINDING IN DENYING — AND DENYING WITHOUT AN EVIDENTIARY HEARING - MOHAMADI'S CLAIMS OF STRUCTURAL ERRORS THAT VIOLATED FUNDAMENTAL RIGHTS (CONSTITUTIONAL RIGHTS)

Mohamadi was denied right to represent himself

Appellate counsel was inneffective for failing to argue on appeal that Mohamadi's right to self representation was violated

Appellate counsel was inneffective for failing to argue on appeal that Mohamadi's conditions of confinement - which were imposed at the request of the Government - interfered with Mohamadis right to retain counsel of choice

## TABLE OF AUTHORITIES

United States V. Witherspoon, 231 F.3d 923,926-27 (4th 2000) - ▬▬▬
United States V. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007) - ▬▬▬
United States V. Snitz, 342 F.3d 1154,1155,56 (10th 2003) - ▬▬▬
United States V. Taylor, 978 F.3d 73 (4th Cir. 2020) - ▬▬▬

# TABLE OF AUTHORITIES

Buck v. Davis, 137 S.Ct. 759, 773-74 (2017) — ▉▉▉▉▉

Bivens v. Commonwealth, 454 S.E. 2d 741, 743 (Va Ct App 1995) — ▉▉▉

Chapman v. California, 386 U.S. 18 — ▉▉▉▉

Corral v. United States, 2014 U.S. App. Lexis 6644 (6th Cr. 2014) ▉▉▉▉▉

Descamps v. United States, 570 U.S. 254, 258 (2013) — ▉▉▉

Huff v. United States, 734 F.3d 600, 610 (6th Cir. 2013) — ▉▉▉

Harris v. Commonwealth, 351 S.E. 2d 356 (Va Ct. App. 1986) — ▉▉▉

Illinois v. Allen, 397 U.S. 337, 350-351 (1970) — ▉▉▉

Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998) — ▉▉▉▉

Johnson v. United States, 579 U.S. 591 (2015) — ▉▉▉

Pierce v. Commonwealth, 138 S.E. 2d 28, 31 (Va. 1964) ▉▉▉▉

Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003) — ▉▉▉

Sizemore v. Commonwealth, 218 Va. 980, 243 S.E. 2d 212 (Va. 1978) ▉▉▉▉

Stokeling v. United States, 139 S.Ct. 544, 556 (2018) — ▉▉▉▉

Sutton v. Commonwealth, 324 S.E. 2d 665, 670 (Va. 1989) — ▉▉▉

Weaver v. Massachusetts, 137 S.Ct. 1899, 1907 (2017) — ▉▉▉▉

Luis v. United States, 136 S.Ct. 1083, 1089 (2016) — ▉▉▉▉

United States v. Cabrera-Umanzar, 728 F.3d 347, 350 (4th Cir 2013) — ▉▉▉

United States v. Davis, 139 S.Ct. 2319 (2019) — Page 29

United States v. Dinkin, 928 F.3d 349, 354 (4th Cir 2019) — ▉▉▉

United States v. Gonzalez-Lopez, 548 U.S. 140, 149 — ▉▉▉

United States v. King, 679 Fed. Appx. 247 (4th Cir. 2017) — ▉▉▉

United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) — ▉▉▉

United States v. McNeal, 818 F.3d at 151-152 — ▉▉▉

United States v. Simms, 914 F.3d 229 at 233 (4th Cir 2019) — ▉▉▉

United States v. Singleton, 107 F.3d 1091 (4th Cir. 1997) — ▉▉▉▉

5 of 57

## STATEMENT OF JURISDICTION

The requirements for a certificate of appealability (COA) have been met. 28 USC 2253(c).

Furthermore, this appeal is timely. On December 1, 2020, the district court denied 2255 relief and declined to issue a C.O.A. (Mem. Opinion and Order, Docket # 329, Page Id# 4251-4253)

I sent my Notice of Appeal be certified mail to the District Court and Court of Appeals, immediately in Mid December. This appeal is timely. This Court has jurisdiction under 28 U.S.C. 1291.

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in its finding that Mohamadi's A.C.C.A. and 924(c) sentences — both predicated on Attempted Robbery — is not unconstitutional

2. Whether the District Court erred in its finding in denying — and denying without an evidentiary hearing — Mohamadi's claims of structural errors that violate fundamental rights

## STATEMENT OF THE CASE

Mirwais Mohamadi (Appellant) was charged in a ten-count indictment in the Eastern District of Virginia with: (Count One) Attempted Hobbs Act robbery under 18 U.S.C. 1951; (Count Two) Hobbs Act robbery under 18 U.S.C. 1951; (Counts Three and Four) Use of a Firearm in a Crime of Violence under 18 U.S.C. 924(c); (Count Five) Felon in Possession of a Firearm under 18 U.S.C. 922(g); (Counts Six and Seven) Solicitation of Murder for Hire under 18 U.S.C. 373 and 1958; (Count Eight) Murder for Hire under 18 U.S.C. 1958; and (Counts Nine and Ten) Witness Tampering under 18 U.S.C. 1512 (Docket Entry # 1; Page Id # 1-16)

On April 20, 2009, Appellant was brought before the District Court and indictment was announced

at a hearing, and counsel from Federal Public Defender's Office was appointed (Kevin Brehm). Immediately after this hearing Appellant was transported four hours away from the District Court, Appointed Counsel, and family to a jail in Warsaw, Virginia. Upon arrival, Appellant was placed in an isolated cell in an isolated part of the jail and notified by jail authorities that appellant would not be allowed to use the mail, phone, or visitation to communicate with anyone.

Counsel appointed to Appellant, Mr. Brehm, first addressed the conditions by motion on April 29, 2009 (Docket Entry #6) which the District Court denied in a Hearing on May 8, 2009. These conditions were again challenged by retained counsel Frank Salvato on December 10, 2009 (Docket Entry #62)

Then Finally these conditions were again challenged by trial counsel - now a Federal Judge - Honorable Michael S. Nachmanoff at the pre-trial hearing on February 5, 2010 (Docket Entry No. 90; see transcripts at Docket Entry 229, Page Id. No. 3585, 3540, 3550, 3552).

Despite numerous challenges these issues were not changed by the District Court as the numerous grievances filed to jail staff highlights. (Docket Entry# 240-2, Page Id. No. 3624), While placed under these extremely oppressive conditions for so long, it naturally affected Appellant's ability to retain counsel and also negatively impacted the relationship with appointed counsel. After unsuccessfully asking the District Court to remove the restrictions obstructing Appellant's right

to retain counsel of choice, Appellant then finally requested to exercise his right to represent himself. (Docket Entry No. 71, Page Id.# 532). The District Court refused to consider the request even when counsel notified the District Court that Appellant, "made very clear that he wants to represent himself in this matter." (Docket Entry # 68, Page Id# 512) Then finally, Appellant Filed a Motion to go Pro Se (Docket Entry # 240-2, Page Id# 3616 and 3625) which was notarized at the jail, recieved by the Court, but never addressed by the Court.

Appellant proceeded to trial with the Federal Public Defenders who faced with a very tough Judge - Fresh out the A.U.S.A. chair - with less than a month to prepare for trial burdened with a

multi-count indictment for offenses spanning three years, thousands of hours of recordings, and a client who was deeply disturbed mentally by the oppressive conditions of a nearly three year period of pretrial detention, ultimately performed honorably. On March 16, 2010, Mohamadi again asked the Court to represent himself. (Docket Entry # 223, Page Id. No 3148) The District Court denied said Motion in open court.

   Appellant was acquitted on Count Six, Found guilty on all the rest except Count Five which was decided at a bench trial and Found guilty. Then the District Court later sentenced Appellant to 684 months imprisonment. Appellant's 15-Year sentence on Count 5 was in application of the A.C.C.A.

Mohamadi appealed his conviction and sentence and this Court affirmed. The Supreme Court denied certiorari and rehearing in 2013. Mohamadi subsequently sought 28 USC 2255 (Docket Entry No. 240 and 241). Appellant raised a total of 22 grounds. Additionally, Appellant provided a supplemental briefing in accordance with retroactive Supreme Court caselaw raising two new grounds for relief. Specifically that:

1. Mohamadi's A.C.C.A. sentence was unconstitutional;

2. Mohamadi's Attempted Hobbs Act robbery is no longer (categorically) a crime of violence under 924(c)(3).

(Docket Entry # 257 and 258)

On October 27, 2017, Appellant filed a Notice of Appeal. On December 22, 2017, Appellant filed Application

for C.O.A. and informal brief. On May 16.2018, this Court dismissed and remanded. The A.U.S.A.'s Office was able to file four responses to oppose relief on remand to the District Court. (Docket Entries # 278, 296, 297, 308). Mohamadi filed a reply on September 5, 2019, by certified mail (Cert # 7009 0960 0000 3376 5542) which was a total of 41 pages. One cover letter, a copy of the cover letter to be file-stamped and returned, and a 39 page handwritten reply motion. The docket only shows the cover letter, twice, (Docket Entry # 302 and 302-1) and mailing envelope that shows on certified mail slip that I sent 41 pages. (Docket Entry # 302-2). Obviously, the reply motion either didn't make it to the clerk or was misplaced but it was never filed on the record.

The same motion was sent, simultaneously, to a paralegal service to be typed.

During the remand the District Court appointed counsel to file a supplemental Memorandum. (Docket Entry # 307) Again, the District Court dismissed and denied the 2255 Motion for Relief on November 25, 2019. Appellant was transferred on November 26, 2019 and did not recieve the Court's Judgement until December 6, 2019. Appellant filed a Rule 59(e) Motion on December 8 and 12 of 2019. After no response being recieved Mohamadi apprehensively filed a Notice of Appeal and Application for C.O.A. and informal brief on 2-3-20.

The Court of Appeals remanded the case again then the District Court denied relief again. This C.O.A. follows:

## STANDARD OF REVIEW

Mohamadi is entitled to a C.O.A. if he can demonstrate a "substantial showing of a denial of a Constitutional right." 28 U.S.C. 2253. This is done through a showing that jurists of reason would disagree with the District Court's resolution of it's Constitutional claims. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Supreme Court has explained that the COA inquiry is a threshold determination and full consideration of the merits underlying a claim is inappropriate. Miller-El, 537 U.S. at 336 ("This threshold inquiry does not require full consideration of the factual or legal basis adduced in support of the claims. In fact the statute forbids it."); see also Buck V. Davis, 137 S. Ct. 759, 773-74 (2017),

## SUMMARY OF THE ARGUMENT

The District Court erred in it's finding that

Mohamadi's A.C.C.A. and 924(c) sentence that's

based on inchoate attempted robbery is not

unconstitutional. and the District Court erred in

it's finding in denying — and denying without an

evidentiary hearing — Mohamadi's claims of structural

errors that violated fundamental rights such as the

right to retain counsel of choice and the right to

self-representation.

ARGUMENT

I. THE DISTRICT COURT ERRED IN IT'S FINDING THAT PETITIONER'S ACCA AND 924(C) SENTENCE PREDICATED ON (INCHOATE) ATTEMPTED ROBBERY IS NOT UNCONSTITUTIONAL

"To determine whether an offense constitutes a 'crime of violence' under the force clause, courts must employ the 'categorical' approach. Descamps v. United States, 570 U.S. 254, 258 (2013); United States v. Dinkins, 928 F.3d 349, 354 (4th Cir. 2019). Pursuant to the categorical approach, a court 'focuses on the elements of the prior offense rather than the conduct underlying the conviction'. United States v. Cabrera-Umanzor, 728 F.3d 347, 350 (4th Cir. 2013); see also Simms, 914 F.3d at 233 (observing that, under the categorical approach, our analysis 'begins and ends with the offense's elements') We must ask whether the elements of the underlying offense necessarily require 'the use, attempted use,

or threatened use of physical.' McNeal, 818 F.3d at 151-52 (quoting 924(e)(3)(A)). When the elements of an offense encompass both violent and nonviolent means of commission — that is, when the offense may be committed without the use, attempted use, or threatened use of physical force — the offense is not 'categorically' a 'crime of violence'." United States v. Taylor, 978 F.3d 73, 2020 U.S. App. LEXIS 32393 at 6.

The District Court erred in it's finding because it did not apply the categorical approach — as directed by the Supreme Court and the Fourth Circuit. The District Court did not apply the categorical approach to petitioner's Virginia Attempted Robberies or the Attempted Hobbs Act Robbery in count 1.

(A.) Mohamadi's ACCA sentence in Count 5 is unconstitutional

In addition to applying the categorical approach "Federal courts look to, and are constrained by, state court's interpretations of state law. Stokeling v. United States, 139 S. Ct 544, 556 (2018)

The District Court erred in its finding by not applying the categorical approach and not looking to Virginia court's interpretations of state law regarding the Attempted Robberies from the Virginia state court.

To obtain a conviction for a robbery attempt in Virginia courts the following elements must be proved: "(1.) an intent to commit robbery; and

(2.) that the defendant committed an overt act in

in Furtherance of crime (robbery). see Sizemore V. Commonwealth, 218 Va. 980, 243 S.E. 2d 212, 213 (Va. 1978)[4] To obtain a conviction for attempted Hobbs Act robbery, the Government must prove two elements: (1) the defendant had the culpable intent to commit Hobbs Act robbery; and (2) the defendant took a substantial step toward the completion of Hobbs Act robbery that strongly corroborates the intent to commit the offense." Taylor at LEXIS 6-7.

Virginia robbery is defined as the "taking with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. see Pierce V. Commonwealth,

21 of 57

138 S.E.2d 28, 31 (Va.1964). The Hobbs Act defines robbery as the unlawful taking or detaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future." Taylor at LEXIS 7. This first element is essentially the same.

The fact that petitioner's robbery in Count 2 and 4 was first prosecuted in Virginia state court and then picked up by the federal court after the state trial resulted in a hung jury is further proof of its similarity.

In regards to the second element, both definitions are consistent with the definition

of attempt found in the Model Penal Code, which includes some non violent acts. see Model Penal Code 5.01(1)(c)

The Hobbs Act was founded upon New York state's statute, and like Virginia, New York's statute was founded upon Common law roots. Notably, the Common law system, developed in England, is the most prevalent system of law in North America. The common law system is based on precedent and the principle of stare decisis. Although the legislative bodies at the federal, state, and local levels enact written statutes and sometimes collect portions of those statutes into "codes", there is no formal, comprehensive code of

common law. Instead, the common law is stated in court decisions, and it is changed or modified by subsequent cases or statutes. In this fact alone lies the pot of gold at the end of the rainbow of colorful arguments.

The definitions of "common law" robbery in seperate jurisdictions have relatively little relevance towards each other. Unlike Florida robbery, A Virginia robbery can occur by violence or intimidation. Under Virginia law, intimidation includes threats of violent force, but it also prohibits any words or conduct that cause a subjective fear in a victim in the absence of actual threats of force.

Virginia Appellate Courts have specifically explained that intimidation exists whenever the words or conduct of the accused cause the victim to fear bodily harm and that this can occur in the absence of any express threat of violence or bodily harm. See Bivens v. Commonwealth, 454 S.E.2d 741, 743 (Va. Ct. App. 1995)

Virginia Courts focus not on evidence of threatened violent force, or even on the specific conduct of the defendant to determine whether intimidation occurred:

"Threats of violence or bodily harm are not an indispensable ingredient of intimidation"

Harris v. Commonwealth, 351 S.E.2d 356 (Va. Ct. App. 1986)

The Virginia Supreme Court has explained that:

"There is a difference between threat and intimidation... Threat means expression of an intention to do bodily harm whereas intimidation may occur without threats."

Sutton v. Commonwealth, 324 SE.2d 665, 670 (Va. 1989)

The Sutton Court specifically looked at the law of robbery:

"No Virginia authority supports the contention that the intimidation required to sustain a robbery conviction must create a reasonable apprehension of danger"

Without a requirement of reasonableness, there are countless ways that a defendant's actions may produce a subjective fear in the victim without requiring any threat of actual harm. For example, a victim may experience subjective fear because of the clothing of the defendant, the race of the defendant, the neighborhood where

the interaction occurred, the time of day - any number of factors which are independant from actual threat of force.

The Federal Court's have interpreted "Intimidation" used in the Bank Robbery context to mean threat of force and "Fear of injury" language in the Hobbs Act to mean that to do so" necessarily involves the threat to use force". United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019)

But this is not the case in regards to the way Virginia courts interpret Intimidation. Indeed, since Virginia defines the least serious form of robbery in such a manner, the offense of attempted robbery by intimidation in no way is

categorically a crime of vidence under the element

clause. The District Court's ruling began on the

right track stating:

"To analyze whether an indivisible crime qualifies
as a vident Felony for purposes of the
ACCA the Court uses the categorical approach"

(Docket Entry# 325: Page Id# 4238)

But then the Court abruptly jumps to the

conclusion without utilizing the categorical

approach that:

" The Court Finds that it does"

Then the Court takes us way off track

as it starts discussing the degrees of "Force"

arguing as to why "Winston" should be

overruled by "Stokeling". Fortunately, petitioner

in his claims is neither relying on "winston" or presenting the same claim as "winston".

Petitioner's claims are based on the Fourth Circuit's rulings in United States v. Simms, 914 F.3d 229 (2019), United States v. Taylor, 978 F.3d 73 (2020), and the Supreme Court's rulings in United States v. Davis, 139 S.Ct. 2319 (2019) and Johnson v. United States, 576 U.S. 591 (2015).

These cases invalidated the residual clause in both the A.C.C.A. and 924(c) statutes and they (Simms, Taylor, and Davis) ruled that inchoate offenses such as conspiracy and Attempted Hobbs Act robbery, cannot now be forced into the force clause now that the residual clause is void.

It's questionable if Virginia robbery qualifies as a crime of violence but even IF it were to qualify Virginia's Attempted robbery absolutely cannot categorically qualify as a crime of violence. In "winston" and "stokeling" what was in dispute was the degree of force necessary to qualify as the force in the elements clause, in relation to a completed substantive robbery, whereas in petitioner's claim here, what is in dispute is whether Virginia's Attempted robbery can be committed without the use, attempted use, or threatened use of force. The categorical approach, when employed correctly, proves that it can and therefore

is not a crime of violence for A.C.C.A.

purposes.

The District was correct in stating that:

"petitioner was sentenced to 15 years on
Count 5, that sentence ran concurrently
with Counts 1,2,9, and 10" (other counts with
the same 15 year sentence)

But the District Court was incorrect in

stating that:

" Thus even if petitioner was wrongfully sentenced
under the A.C.C.A's residual clause, it would
not have affected his sentence" (because of
the concurrent sentences stacked)

(Docket Entry #325: Page Id #4236)

Now the fact that the Court buried this

unconstitutional sentence in Count 5 with Counts

1,2,9, and 10 doesn't mean there was no effect.

When a defendant is improperly sentenced under the A.C.C.A. there are numerous effects that the defendant suffers:

1. It raises the guideline points for offense and or history which greatly changes the guideline range for all counts.

2. The increase in offense and criminal history points affect a defendant's housing determination in the B.O.P. where the Bureau relies on the sentencing guideline points to calculate its own classification levels

3. Being classified as an Armed Career Criminal not only affects the Sentencing Court in the way they sentence a defendant and justify a harsher sentence then normal but it also affects Judges determinations reviewing defendant's case in post-conviction proceedings.

The A.C.C.A. is not a trivial designation where

it allows the Court to sentence a defendant from a mandatory minimum of 15 years up to a maximum of life. This improper sentence designation has many measurable and unmeasurable effects that warrant an entirely new sentence on all counts, as this stigma infects the entire sentencing hearing.

(B.) Mohamadi's 924(c) sentence on Count 3 is unconstitutional

The indictment alleges in Count One an attempted robbery. It clearly states:

"in that he did attempt to take and obtain personal property" (Docket entry #1; Page Id #6)

Then the jury was instructed on a Attempted robbery in Count One and found petitioner guilty of Attempted robbery in Count One.

(see Jury Instruction No. 29 and 34)

In instruction No. 34 the government tried to insert words attributing it to the indictment's language to try and transform the instruction for Count One into a substantive offense but after defense counsel objected this was eliminated and the instruction properly tracked the indictment to instruct on an attempted robbery. See Jury Instruction Conference held on 3-16-10 and 3-17-10. Defense counsel Honorable Michael S. Nachmanoff stated:

"But he would note, and I agree entirely, that Count 1 as was noted in the Rule 29 is charged as an attempt..., if the Court concludes it's charged as an attempt, as we

think it is, the instruction needs to conform to that so that everything is consistent. That is a charging decision the Government made .... And I think they have to live with what the grand jury was put on notice of."

(Trial Transcripts Page 1048, Lines 3-15, 3-16-16)

And the Court did conform the instruction:

"I am conforming them to the Hobbs Act as pled in the indictment. There was an attempt"

(Trial Transcripts Page 1060, Line 12-15, 3-17-16)

Merriam-Webster Dictionary defines attempted as:

"having tried without success"

So if the indictment in Count One alleges:

"in that he did unlawfully attempt to take and obtain personal property"

(See Docket Entry #1, Page Id #6)

And the jury instruction instructs:

"in that he did unlawfully attempt to take and detain personal property consisting of United States currency"

(Trial Transcript, Page 86, Transcript of Charging Conference, Closing Arguments, And Jury Instructions, Lines 3-4, 3-17-10)

Also instructs:

"Count 1 of the indictment alleges that defendant attempted to detain currency from (K.R.)"

(Trial Transcript, Page 88, Transcript of Charging Conference, Closing Arguments, and Jury Instruction, Lines 4-5)

So defendant/appellant was indicted for an attempted Hobbs Act robbery, the jury was instructed to find guilt for an Attempted Hobbs Act robbery, but now that the Fourth Circuit has ruled that Attempted Hobbs Act robbery, under the categorical

approach, "cannot qualify as a crime of violence"

(after the residual clause was made void)

the government and the District Court now

insist that petitioner/appellant was charged and

convicted for a substantive Hobbs Act robbery.

(in Count One) This conclusion by the Court

is wrong and baseless as the record proves

otherwise. United States v. Taylor, 978 F.3d

73 (4th Cir. 2020)

The District Court's order resulted in a decision

that's based on an unreasonable determination

of the facts in light of the evidence presented

in proceedings. Appellant prays this Court

dismiss Count Three in accordance with

"Johnson", "Davis", "Simms", and "Taylor", Or at a minimum Reverse and Remand to the District Court to hold an Evidentiary Hearing.

To obtain a hearing a defendant need only assert facts that if true would provide a basis for relief.

Petitioner/appellant also incorporates all arguments made in previous filings regarding this claim.

(see Supplemental to 2255, Docket Entry #258; Page Id #3844, Petitioner's Pro Se Reply during Remand Proceedings, Filed 9-19-19, and C.O.A. Informal Brief, Document #6, Filed 2-10-20)

III. THE DISTRICT COURT ERRED IN ITS FINDING DENYING — AND DENYING WITHOUT AN EVIDENTIARY HEARING — MOHAMADI'S CLAIMS OF STRUCTURAL ERRORS THAT VIOLATED IMPORTANT CONSTITUTIONAL RIGHTS

Structural error is a Constitutional error that "affects the framework within which the trial proceeds rather than being simply an error in the trial process itself." Weaver v. Massachusetts, 137 S.Ct. 1899, 1907 (2017). If an error is structural, it is not harmless beyond a reasonable doubt and it warrants automatic reversal. There appears to be at least three broad rationales for finding an error to be structural. One is when the right is at issue that does not protect the defendant from erroneous conviction but instead protects some other interest like the

defendant's right to conduct his own defense —

where harm is irrelevant to the basis underlying

the right. See United States v. Gonzalez-Lopez,

548 U.S. 140, 149, N. 4, 126 S.Ct. 2557. Another is

when the error's effects are simply too hard to

measure like when a defendant is denied the right

to select his or her own attorney — making it

almost impossible for the Government to show that the

error was "harmless beyond a reasonable doubt". Chapman

v. California, 386 U.S. 18, 24, supra. at 24. Finally, some

errors always result in fundamental unfairness.

(A.) Mohamadi was denied right to represent himself

In ground 17, Appellant makes a standalone

assertion that he was denied the right to

represent himself. (Docket Entry No. 241, Page Id. No.

3663). This claim was improperly dismissed by

the District Court by only stating:

"Because the Court does not believe Mohamadi's right to self-representation was violated."

(Docket Entry No. 262, Page Id No. 3876). The

District Court does not address any of the

uncontested facts presented by Appellant – which

is supposed to be assumed as true at this

proceeding – while Appellant made the request in

Court pretrial and at beginning and middle of

trial, filed motions, and requested through

counsel to go pro se. (Docket Entry No. 241,

Page Id# No. 3663, Docket Entry No. 240-2, Page

Id. # 3(e)(6)

In the January 5, 2010 Motion Hearing (Pretrial) before the District Court Appellant clearly states:

"Your Honor, I honestly would like to proceed pro se from this point forward"

And the Court made this response:

"I am not going to relieve Mr. Salvato (counsel)"

(Trial Transcripts, January 5, 2010 - Hearing on Motions Page 15 Lines 3-4, Line 12-13, respectively)

There are several instances where appellant asked to represent himself and was denied this right by the District Court. These facts are undisputed in these proceedings, when reviewing the record pretrial and at trial.

Furthermore, section 35 of the Judiciary Act of 1789, signed one day before the Sixth Amendment was proposed, guaranteed in the Federal courts the right of all parties to:

" plead and manage their own causes personally or by the assistan of counsel."

1 stat. 92. See 28 USC 1654 [28 USCS 1654]

Honorable Judge Albert V. Bryan allowed defendant Singleton to fire counsel and represent himself mid-trial in a 20 count Armed Robbery case in U.S. V. Singleton, 107 F.3d 1091 (97 4th Cir) (CR_95-179)

This is the Judge the Alexandria District Court is named after.

The District Court erred in its finding dismissing

this claim. As the Supreme Court explained:

"The right to defend is personal and a defendant's
choice of exercising that right must be honored
out of that respect for the individual which
is the lifeblood of the law."

Illinois V. Allen, 397 U.S. 337, 350-351 (1970)

The District Court also erred in its finding

in resolving this claim without an evidentiary

hearing. The 2255 petition and memorandum of facts

and law, files, and "record do not conclusively show"

that Mohamadi "is entitled to no relief". Corral

v. United States, 2014 U.S. App. LEXIS 6644, at 26 (6th Cir 2014)

The District Court erred in denying evidentiary hearing

given that Mohamadi's 2255 allegations of

structural error" are not inherently incredible",

"nor are they contradicted by the record", and

"there is nothing in the record that conclusively

shows" that Mohamadi's "claims lack merit".

Huff v. United States, 734 F.3d 600,610 (6th Cir. 2013)

For these reasons Mohamadi prays this

Court will reverse and remand his convictions

and sentence or dismiss the District Courts

denial of relief and remand for an evidentiary

hearing or whatever remedy this Court deems

appropriate.

(B.) The District Court erred in Denying, and Denying
without an evidentiary hearing - Mohamadi's
claim that his appellate counsel was ineffective
for failing to argue on appeal that Mohamadi's
right to self representation was violated

In Ground Nine (in his 2255 motion) Appellant argues that his appellat counsel on direct appeal was inneffective for failing to argue on appeal that his right to represent himself was vidated. For brevity's sake appellant now incorporates the facts relevant to this claim argued in Section (A) of this informal brief and in the 2255 motion and reply. (Document # 249, Page Id # 3649 - 3650, and Document # 249) The Court doesn't perform any legal analysis of fact and law but simply denies this important Constitutional vidation in two brief sentences. In saying:

"Mohamadi also argues that counsel was ineffective by failing to raise on appeal that his right to self-representation was violated when the Court denied Mohamadi's motion to proceed pro se. Because the Court does not believe Mohamadi's right to self-representation was violated."

This ruling is truly debatable amongst reasonable jurists. Based on the same set of facts appellant presents where he unequivocally asserts his right to proceed pro se on numerous occassions pretrial and at trial many judges have found that a defendant's rights are violated.

" Indeed, Courts must take care not to force counsel upon a defendant, because in addittion to the right to the assistance of counsel, the 6th Amendment implicitly provides an affirmative right to self-representation[4]

United States V. Singleton, 107 F.3d 1091, 1096 (4th 1997)

In Petitioner's reply to the Government's

Opposition to Relief appellant provided in

the Attachments a copy of the cover

of appellant's pro se Direct Appeal brief that's

notarized and was sent to Appellate counsel.

The first three issues include the

denial of Feretta Right to go Pro Se (in section

A. in part 3.) Appellant clearly instructed

appellate counsel to present this issue on

direct appeal. (Document #249, Attachment #4)

"A lawyer who disregards specific instructions
to perfect a criminal appeal acts in a manner
that is both professionally unreasonable and
presumptively prejudicial", United States V. Snitz,
342 F.3d 1154, 1155-56 (10th Cir. 2003)

see also Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir '98') (Failure to raise a well established, straightforward, and obvious claim on appeal constitutes inneffective performance)

The District Court also erred in not holding an evidentiary hearing." When the District Court denies 2255 relief without an evidentiary hearing, the nature of the Court's ruling is akin to a ruling on a motion for summary judgement", and the facts must be considered "in the light most favorable to the 2255 movant." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir '07")

An evidentiary hearing is required when the movant presents a colorable 6th Amendment claim showing

"disputed facts beyond the record" or when a "credibility determination is necessary to resolve the issue". see United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) From the face of the record in these proceedings it seems that the Government makes a general objection contesting and disputing all facts and claims presented by appellant. (see Document Entry # 245, Page Id#3679)

For the reasons stated here and arguments made in 2255 petition and memorandum of Law and Facts and Reply Appellant's convictions and sentence should be dismissed and or remanded to the District Court to hold an evidentiary hearing to further develop the factual record or whatever remedy appropriate.

(C.) Appellate counsel was inneffective for failing to argue on appeal that Mohamadi's conditions of confinement - which were imposed at the request of the Government - interfered with Mohamadi's right to retain counsel of choice.

Mohamadi argued in his 2255 Motion, in Ground Fourteen, that appellate counsel was inneffective for failing to argue on appeal that his pretrial conditions of confinement precluded him from exercising his right to counsel of choice. (Docket Entry No. 241, Page Id. No. 3657-58) The District Court rejected this issue improperly holding:

"Mohamadi was indicted for destruction of justice and for soliciting murder while in prison. Thus, the restrictions on Mohamadi's communications were made as a matter of security rather than

a means of punishment. Moreover, the Marshalls never impeded Mohamadi's access to counsel, and the Federal Public Defender represented him at every stage of the trial. Because there is no evidence that the security restrictions imposed on Mohamadi in jail prevented him from retaining a lawyer, the Court finds that there was no ineffective assistance of appellate counsel".

(Docket Entry No. 2led, Page Id. No. 3876)

Contrary to the District Court's Order, there was plenty evidence that Mohamadi's conditions of confinement "prevented him from retaining a lawyer." As the record reflects, counsel Kevin Brehm initially filed a motion regarding conditions affecting Mohamadi's ability to retain counsel. (Docket Entry No. 6) Then Eight months later, counsel Frank Salvato filed a motion regarding

conditions. (Docket Entry No. 61) Then - now Judge - Hon. Michael S. Nachmanoff, argued in open Court about severe restrictions on Mohamadi's ability to effectively speak with outside parties to retain new counsel of choice. (Docket Entry No. 229, Page Id # 3535, 3546, 3550 - 3552)

Then Mohamadi sent letters to the Court complaining about restrictions affecting his ability to retain counsel. (Docket Entry No. 240-2, Page Id. No. 3602) There are emails between counsel and the Marshals. (Docket Entry No. 240-2, Page Id. No. 3716). There are grievances filed to jail authorities (Docket Entry. No. 240-2, Page Id# 3621). There are motions filed by

53 of 57

Mohamad. (Docket Entry No. 146, Page Id # 3876)

The evidence is overwhelming.

"The 6th Amendment grants a defendant a fair opportunity to secure counsel of his choice"

Luis v. United States, 136 S.Ct. 1083, 1089 (2016)

It is hard to imagine how a defendant can be afforded a "fair opportunity" to retain counsel when the defendant is prohibited from communicating with prospective attorneys. Moreover, because prisoners must often rely on their family members to ultimately secure counsel, restrictions on communications with immediate family members can impede an incarcerated defendant's exercise of the right to counsel of choice.

The District Court's order disposing of the issue failed to give appropriate attention to the effects of the communication restrictions on Mohamadi's ability to retain private counsel. The fact that Mohamadi was represented by appointed counsel at trial and that the communication restrictions were not intended to be punitive is irrelevant to whether the restrictions had the effect of impinging on Mohamadi's right to counsel of choice. Further, in considering this claim, the District Court did not weigh whether this proposed claim would have been stronger than the other issues presented on appeal, did not have the benefit of recieving a declaration from former counsel about his decision not to include this issue on appeal, and did not

hold an evidentiary hearing on this claim, and did

not follow the Supreme Court's holding in Weaver v.

Massachusetts, 137 S. Ct. 1899 (2017) regarding the

proper standard of review regarding structural

errors presented under ineffective assistance of

counsel. Under the circumstances, this was improper.

The record of Mohamadi's case does not refute

that Mohamadi is not entitled to relief on

this claim of ineffective assistance. An evidentiary

hearing should've been held on this claim.

United States v. King, 679 Fed. Appx 297 (4th Cir.

2017) (District Court abused it's discretion in denying

evidentiary hearing on 2255 motion). I hope and

pray this Court would remand this claim to the

District Court for further consideration.

CONCLUSION

Based on the foregoing, the Court should issue

a C.O.A. on the issues specified herein and

remand this matter to the District Court for

further proceedings

Date January 24, 2021                    Respectfully Submitted,

*[signature]*

Mirwais Mohamadi, Pro Se
#73533-083 A.U.S.P
P.O. Box 1002
THOMSON, IL 61285

CERTIFICATE OF SERVICE

I Declare under Penalty of Perjury I sent one copy to A.U.S.A. Mr. Atthas and Original to Clerk of Court for Court of Appeals by Prepaid Postage and Certified Mail (Cert # 7019-0700 .0000 5616 8891) thru prison mail at A.U.S.P Thomson on today's date.

Dated: 1-25-21

Minwais Mohamadi, Pro Se

#73533-083

A.U.S.P. Thomson

P.O. Box 1002

Thomson IL 61285



8243

QUAD C
TUE 26

FOREVER / USA

CLERK OF COURT
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
1100 EAST MAIN STREET, 5th FLOOR
RICHMOND VA 23219





1000      23219

U.S. POSTAGE PAID
FCM LG ENV
THOMSON, IL
61285
JAN 26, 21
AMOUNT

**$0.00**
R2304W121497-7

CERTIFIED MAIL

MIRWAIS MOHAMANI
#73533-083
A.U.S.P. THOMSON
P.O. BOX 1002
THOMSON  IL 61285

7020 0090 0000 227b