

RECEIVED

UNITED STATES COURT OF APPEALS MAY 25 AM 11:45

FOR THE FOURTH CIRCUIT U.S. COURT OF APPEALS
FOURTH CIRCUIT

INFORMAL SUPPLEMENTAL BRIEF
US V. MIRWAIS MOHAMADI
1:09-cr-00179-Lo-1,1:14-cv-00496-Lo
Case No:20-7917

If this Honorable Court will allow me permission I would like to add to my C.O.A. Informal Brief, regarding the dispute created by the Government about whether I was charged and convicted for a inchoate or substantive robbery in Counts One and Three. I would humbly bring to this Court's notice the Supreme Court's ruling in:

STROMBERG V. PEOPLE OF CALIFORNIA,283 U.S.359(1931) This Court's sister Circuit has explained the STROMBERG ruling to mean that:

"a conviction cannot be upheld if (1)the jury was instructed that a guilty verdict could be returned to any one of several listed grounds,(2)it is impossible to determine from the record on which ground the jury based the conviction,and (3)one of the listed grounds was constitutionally invalid"

see  KNIGHT V. DUGGAR,863 f.2d 705,730(11th Cir.1988)

I believe to the best of my ability that i am entitled to relief under this standard with respect to counts One and Three.

I have consistently from the beginning taken the position that i have been charged,by indictment,with an Attempted Hobbs Act robbery(Count One).The government did present evidence at trial of both An attempted robbery and a completed robbery,but notably the jury was only instructed for an attempted robbery because the Court was persuaded by counsel to keep the instructions consistent with the indictment. So now that the Courts are providing relief for 924(c) charges attached to

Attempted Hobbs Act robberies the government now takes the position that this Court's ruling in TAYLOR,979 f.3d 203(4th Cir.2020) was wrongly decided while the district court has denied relief by claiming that I was charged with both the inchoate and substantive form of the robbery in Count One. Even if that was the case , when the language of the indictment clearly only charged

an attempted robbery and the jury only convicted me for an attempted robbery, STROMBERG advises a ruling in my favor because the jury returned a general verdict that does not specify the exact predicate offense in Count One and because the indictment specifically charged an attempted robbery I believe I am entitled to relief.

I pray this Honorable Court takes this supplemental letter/motion into consideration and grant the

PAGE 2 of 3

most appropriate remedy as required  by law.

Date: 5-9-21                 X

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that the afore mentioned is true correct and that i placed this filing:

Informal Supplemental Brief

in the prison mail system at A.U.S.P THOMSON by pre-paid postage with original sent to the U.S.C.A. for the FOURTH CIRCUIT and a copy to the A.U.S.A. Mr. Attias.

Executed on:5-9-21             X

PAGE 3 of 3

Filed: 05/ Doc: 10 USCA4 Appeal: 20-7917

INMATE NAME MIRADES NOHAMAD)
REGISTER NUMBER 73533·083
UNITED STATES PENITENTIARY
P.O. BOX 1002
THOMSON, IL 61285

**CERTIFIED MAIL®**

7019 0700 0000 5616 9362

INSPECTED
MAY 25 2021

CLERK OF COURT
U.S.C.A.
FOURTH CIRCUIT
1100 EAST MAIN ST., 5TH FL
RICHMOND VA 23219

U.S. POSTAGE PAID
FCM LETTER
THOMSON, IL

